UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JAMES ALDERMAN, *on behalf of himself
and all others similarly situated*

      Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP,
*a Delaware Limited Partnership*

      Defendant.
_____/

## CLASS ACTION COMPLAINT

1. Plaintiff, James Alderman, alleges violations of the *Fair Debt Collection Practices Act*, *15 U.S.C. §1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under *28 U.S.C. §1331*, and *15 U.S.C. §1692k*. Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

3. Plaintiff, James Alderman ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida.

4. Defendant, GC Services Limited Partnership ("Defendant"), is a Delaware Limited Partnership engaged in the business of collecting consumer debts, which operates from offices located at 6330 Gulfton Street, Houston, Texas 77081.

1

5. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debt.

6. Defendant regularly collects or attempts to collect debts for other parties. Defendant is a "debt collector" as defined in the *FDCPA*.

7. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect from Plaintiff an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was a delinquent credit card debt.

9. On or about March 30, 2016, Defendant sent a demand letter to Plaintiff seeking to collect an alleged debt due to Synchrony Bank.  (The "Demand Letter" is attached hereto as "Exhibit 1").

10. The Demand Letter was Defendant's initial communication with respect to the debt alleged therein.

11. The Defendant's Demand Letter stated in part:

> As of the date of this letter, our records show you owe a balance of $4,884.00 to Synchrony Bank.  If you dispute this balance or the validity of this debt, please let us know in writing.  If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid.
>
> However, if you do dispute all or any portion of this debt in writing within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you.  Or, if within 30 days of receiving this letter you request in writing the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank.

12. Pursuant *15 U.S.C §1692g(a)* Defendant must provide Plaintiff with:

Validation of debts.

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added)

13. *15 U.S.C. § 1692e(10)* states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

xxxx

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

3

14. Defendant's Demand Letter falsely and misleadingly states that Plaintiff must dispute the debt in writing despite the clear wording of *15 U.S.C. § 1692g(a)(3)* which contains no writing requirement in order for the consumer to dispute the debt.

15. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS
## AS TO DEFENDANT

16. This action is brought on behalf of a Class consisting of (i) all persons with addresses in the State of Florida (ii) to whom letters that contained the language: "If you dispute this balance or the validity of this debt, please let us know in writing.  If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid." (iii) were mailed, delivered or caused to be served by the Defendant (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) during the one-year period prior to the filing of the original Complaint in this action through the date of certification.

17. Plaintiff alleges on information and belief based upon the Defendant's use of the phrase: "If you dispute this balance or the validity of this debt, please let us know in writing.  If you do not dispute this debt in writing within 30 days after you recvive this letter, we will assume this debt is valid."  in its letters served upon the Class is so numerous that joinder of all members of the Class is impractical.

18. There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual Class members. The factual issue common to each Class member is that each was served with a letter by Defendant that contained the phrase: "If you dispute this balance or the validity of this debt, please let us know in writing.  If you do

4

not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid." that required disputes of debts to be in writing. The common principal legal issue is whether Defendant's wording violated the *FDCPA* by misleading the least sophisticated consumer to believe that they were being given the correct validation notice required by *15 U.S.C. §1692g* after an "initial communication" by a debt collector that does not require all disputes of the debt to be in writing.

19. Plaintiff's claim is typical of those of the Class members. All are based on the same facts and legal theories.

20. Plaintiff will fairly and adequately protect the interests of the Class. He has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

21. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; his appointment as Class Representative; and that his attorney Leo W. Desmond be appointed Class Counsel.

## COUNT I

### VIOLATION OF *15 U.S.C. § 1692g(a)(3)*
### CLASS CLAIM AGAINST DEFENDANT

23. Plaintiff incorporates Paragraphs 1 through 15.

24. *15 U.S.C. §1692g(a)(3)* states after an initial communication the Defendant must provide Plaintiff with:

> (3) [A] a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

25. Defendant sent a Demand Letter to Plaintiff on behalf of Synchrony Bank in an attempt to collect a consumer debt, namely to collect an alleged debt due to Plaintiff's Sam's Club MasterCard Account.

26. By claiming to have given Plaintiff the information required by the *FDPCA*, Defendant has attempted to mislead Plaintiff and the Class into believing that the Demand Letter contained the proper notice required under the *Fair Debt Collection Practices Act*.

27. Defendant's Demand Letter states the consumer must dispute the debt in writing despite the clear wording of *15 U.S.C. §1692g(a)(3)* which contains no writing requirement in order for the consumer to dispute the debt.

28. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

29. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k*.

## COUNT II

### VIOLATION OF *15 U.S.C. § 1692e*
### CLASS CLAIM AGAINST DEFENDANT

30. Plaintiff re-alleges Paragraphs 1 through 15 and Paragraphs 24 through 27.

31. *15 U.S.C. § 1692e* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

32. Defendant sent a Demand Letter to Plaintiff on behalf of Synchrony Bank in an attempt to collect a consumer debt, namely to collect an alleged debt due to Plaintiff's Sam's Club MasterCard Account.

33. Defendant's Demand Letter incorrectly states that Plaintiff and the Class must dispute the debt in writing despite the clear wording of *15 U.S.C. §1692g(a)(3)* which contains no writing requirement in order for the consumer to dispute the debt.

34. By claiming to have given Plaintiff the information required by the *FDCPA*, Defendant has attempted to mislead the Plaintiff and the Class into believing that the Demand Letter contained the proper notice required under the *Fair Debt Collection Practices Act*.

35. Defendant's Demand Letter would be confusing and misleading to the least sophisticated consumer with regard to his/her legal rights as it states that the Plaintiff and the Class have to dispute the debt in writing despite the clear wording of *15 U.S.C. §1692g(a)(3)* which contains no writing requirement in order for the consumer to dispute the debt.

36. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

37. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in his favor against Defendant for:

a. An Order certifying this matter as a Class action and appointment of James Alderman as Class Representative as to all claims against Defendant;

b. An Order appointing Leo W. Desmond as Class Counsel;

c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

d. An award of attorney's fees, litigation expenses and costs of the instant suit; and

e. Such other or further relief as the Court deems proper.

Dated: November 14, 2016.

Respectfully submitted,

DESMOND LAW FIRM, P.C.

/s/ Leo W. Desmond
LEO W. DESMOND, ESQ.
Florida Bar No. 0041920
5070 Highway A1A
Suite D
Vero Beach, FL  32963
Telephone: 772-231-9600
Facsimile:   772-231-0300
lwd@verobeachlegal.com

/s/ Sovathary K. Jacobson
SOVATHARY K. JACOBSON, ESQ.
Florida Bar No. 102200
5070 Highway A1A
Suite D
Vero Beach, FL  32963
Telephone: 772-231-9600
Facsimile:   772-231-0300
jacobson@verobeachlegal.com
*Attorneys for Plaintiff*