UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:16-CV-14508-ROSENBERG/LYNCH

JAMES ALDERMAN, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP,

    Defendant.

## DEFENDANT GC SERVICES LIMITED PARTNERSHIP'S 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Defendant GC Services Limited Partnership moves the Court to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## BACKGROUND FACTS

Plaintiff brings this action on behalf of himself and proposes to do so for others "similarly situated" against Defendant under the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff alleges a certain debt collection letter sent by Defendant to Plaintiff and other consumers violated the FDCPA. *See* 15 U.S.C. § 1692 *et seq.*

After having been retained by Synchrony Bank to recover a monetary debt owed by Plaintiff, Defendant, on or about March 30, 2016, mailed a letter to Plaintiff informing him of the debt. A copy of the letter at issue (the "Letter") is attached to Plaintiff's First Amended Class Action Complaint ("FAC") [Doc. 13] as Doc. 13-1. The Letter states in pertinent part:

> As of the date of this letter, our records show you owe a balance of $4,884.00 to Synchrony Bank. If you dispute this balance or the validity of this debt, please let us know in writing. If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid.

FAC, at Doc. 13-1.

Plaintiff contends the Letter violated the FDCPA because it did not contain an informational disclosure contained in 15 U.S.C. § 1692g(a)(3). FAC, at ¶ 14. In Count I of the FAC, Plaintiff argues, "Defendant's Demand Letter states the consumer must dispute the debt in writing despite the clear wording of *15 U.S.C. §1692g(a)(3)* which contains no writing requirement in order for the consumer to dispute the debt." FAC, at ¶ 27. (Emphasis in original).

In Count II, Plaintiff again argues Defendant violated 15 U.S.C. §1692g(a)(3) because:

> Defendant, through their [sic] Demand Letter, deprived Plaintiff and the proposed Class of their Congressionally approved statutory right to be informed of the information required to be provided by Defendant to Plaintiff and the proposed Class pursuant to *15 U.S.C. §1692g(a)(3)*, namely, that the debt, or any portion thereof, could be disputed by a means other than written prior to Defendant being allowed to assume the validity of the debt.

FAC, at ¶ 33. (Emphasis in original).

In Count III, Plaintiff argues Defendant violated 15 U.S.C. §1692e because:

> Defendant's Demand Letter would be confusing and misleading to the least sophisticated consumer with regard to his/her legal rights as it states that the Plaintiff and the proposed Class have to dispute the debt in writing despite the clear wording of *15 U.S.C. §1692g(a)(3)* which contains no writing requirement in order for the consumer to dispute the debt.

FAC, at ¶ 43. (Emphasis in original).

Plaintiff seeks class certification, statutory, but no actual, damages for himself and the putative class, costs, and attorney's fees. FAC, at p. 9.

## ARGUMENT

**Plaintiff's Failure to State a Claim**

The Court should dismiss the entire FAC under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim because even if the factual allegations contained in the FAC are accepted as true, Plaintiff has not stated a claim to relief. A court has authority to dismiss a suit if the complaint does not contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (internal quotation marks omitted).

The issue of whether § 1692g(a)(3) of the FDCPA requires a debtor's dispute regarding the validity of a debt to be in writing has divided federal courts. While the Eleventh Circuit has not yet decided the question of whether § 1692g(a)(3) requires a debtor to dispute a debt in writing and those federal courts that have considered this issue have reached opposite conclusions, Defendant recognizes this Court's holding in *Baez v. Wagner & Hunt, P.A.*, 442 F. Supp. 2d 1273 (S.D. Fla. 2006) (Cohn, J. presiding), in which the Court denied defendant's 12(b)(6) motion to dismiss concluding that § 1692g(a)(3) does not impose a writing requirement.

Defendant respectfully disagrees with the Court's reasoning in *Baez*, the reasoning of the other cases cited in *Baez* as support, and the Ninth Circuit Courts of Appeals. Instead, Defendant follows an interpretation of § 1692g(a)(3) which is consistent with the Third Circuit's case law; namely, *Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991), which views § 1692g(a)(3) as having an implied writing requirement.

In this case, the sole basis for Plaintiff's claims that Defendant violated the FDCPA is the factual allegation that the Letter to Plaintiff stated a dispute of the debt had to be in writing. However, because § 1692g(a)(3) of the FDCPA has an implied writing requirement, as explained

*infra*, that factual allegation, even accepted as true, does not state a claim for relief under the FDCPA. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted. Thus, the Court should dismiss the FAC in its entirety.

Although § 1692g(a)(3) of the FDCPA does not contain an explicit writing requirement, it must be read as imposing an inherent writing requirement or else the procedure would be inconsistent with the other debt dispute mechanisms under § 1692g and the other subsections of the section. Allowing oral disputes under § 1692g(a)(3) serves only to confuse consumers. Moreover, a writing requirement preserves the core protections of §§ 1692g(a)(3) through 1692g(b). Without it, consumers may be led to believe that an oral dispute triggers the further protections of §§ 1692g(a)(4), 1692g(a)(5) and 1692g(b) when, in fact, those protections are waived if not invoked in writing.

In reaching its decision, the *Graziano* court acknowledged the difference in language between § 1692g(a)(3), which does not expressly require that a debtor's dispute be in writing, and §§ 1692g(a)(4) and 1692g(a)(5), which do expressly require that the debtor's communications be in writing. The Court reasoned:

> Subsection (a)(3) states that unless the debtor disputes the debt within thirty days of receipt of notice, the debt collector will assume the debt to be valid. Section (a)(4) states that if the debtor disputes the debt in writing within thirty days, the debt collector must obtain verification of the debt and must send the debtor a copy of the verification. Subsection (a)(5) states that, if the debtor makes a written request, the debt collector must provide the name and address of the original creditor. Subsection (b) states that if the debtor disputes the debt in writing within thirty days, the debt collector must cease collection efforts until the debt collector has verified the debt. Adopting Graziano's reading of the statute would thus create a situation in which, upon the debtor's non-written dispute, the debt collector would be without any statutory ground for assuming that the debt was valid, but nevertheless would not be required to verify the debt or to advise the debtor of the identity of the original creditor and would be permitted to continue debt

> collection efforts. We see no reason to attribute to Congress an intent to create so incoherent a system. We also note that there are strong reasons to prefer that a dispute of a debt collection be in writing: a writing creates a lasting record of the fact that the debt has been disputed, and thus avoids a source of potential conflicts. We therefore conclude that subsection (a)(3), like subsections (a)(4) and (a)(5), contemplates that any dispute, to be effective, must be in writing.

*Graziano*, 950 F.2d at 112.

The *Graziano* court's foregoing analysis is sound and, respectfully, one which this Court should adopt in evaluating the holding in *Baez* to find that § 1692g(a)(3) of the FDCPA imposes a writing requirement. Thereupon, this Court should dismiss the entire FAC because Plaintiff's allegation, even assumed as true, that the Letter to Plaintiff stated that a dispute of the debt had to be in writing, fails to state any of the three claims Plaintiff has brought against Defendant.

## CONCLUSION

This case should be dismissed in its entirety because Plaintiff's allegation, even assumed as true, that the Letter to Plaintiff stated that a dispute of the debt had to be in writing, fails to state any of Plaintiff's claims because the statute under which Plaintiff has sued requires a dispute of the debt to be in writing.

## RELIEF REQUESTED

WHEREFORE, Defendant GC Services Limited Partnership respectfully prays this Honorable Court grant this motion to dismiss for failure to state a claim, and for such other relief as this Court deems just and proper.

Dated: January 9, 2017

Respectfully Submitted,

/s/ *Jeff Kominsky*
JEFF KOMINSKY
FL Bar No. 69408
Jeff.Kominsky@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith LLP
110 SE 6th St., Ste. 2600
Fort Lauderdale, FL 33301
(954) 728-1280
(954) 728-1282 (Fax)

WILLIAM S. HELFAND
Admitted *pro hac vice*
Bill.Helfand@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith LLP
24 Greenway Plaza, Ste. 1400
Houston, TX 77046
(832) 460-4614
(713) 759-6830 (Fax)

Attorneys for Defendant,
GC Services Limited Partnership

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically by the CM/ECF system on January 9, 2017, on all counsel or parties of record on the Service List below.

/s/ *Jeff Kominsky*
Jeff Kominsky

## SERVICE LIST

Leo W. Desmond
lwd@verobeachlegal.com
Desmond Law Firm, P.C.
5070 Highway A1A, Ste. D
Vero Beach, FL 32963
Telephone: (772) 231-9600
Facsimile: (772) 231-0300
Attorneys for Plaintiff,
James Alderman

Sovathary K. Jacobson
jacobson@verobeachlegal.com
Desmond Law Firm, P.C.
5070 Highway A1A, Ste. D
Vero Beach, FL 32963
Telephone: (772) 231-9600
Facsimile: (772) 231-0300
Attorneys for Plaintiff,
James Alderman