UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:16-CV-14508-ROSENBERG/LYNCH

JAMES ALDERMAN, on behalf of himself
and all others similarly situated,

        Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP,

        Defendant.

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR CLASS CERTIFICATION**

The Court should deny Plaintiff's motion for an extension of time to file his motion for class certification [Dkt. 25] for the following reasons.

Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure states:

> *Time to Issue.* At an early practicable time after a person sues . . . as a class representative, the court must determine by order whether to certify the action as a class action.

Fed. R. Civ. P. 23(c)(1)(A). Accordingly, on December 28, 2016, the Court issued its Scheduling Order and Order Referring Case to Mediation [Dkt. 15], wherein the Court ordered that, *inter alia*, the deadline of February 28, 2017, for Plaintiff to file his motion for class certification "shall not be modified absent compelling circumstances . . . ." Dkt. 15, pp. 1-2. Plaintiff has clearly failed to show the "compelling circumstances" necessary to modify that deadline, much less extend it to May 1, 2017.

Plaintiff bases his motion to extend the deadline to file his motion for class certification on the insupportable argument that, although Defendant has served Plaintiff with interrogatory

answers disclosing that Defendant mailed a letter similar to the letter at issue in this case to 19,793 persons with a Florida address during the relevant time period – the answer to the very question Plaintiff asked – Plaintiff also wishes to know how many of those 19,793 letters were sent to each of Florida's 67 counties before he is willing to move for class certification. Dkt. 25, ¶ 12; *see also* Dkt. 20-2, pp. 4, 6 (Defendant's objections and answers to Plaintiff's first set of interrogatories attached to Plaintiff's motion to compel answers to interrogatories and memorandum of law in support thereof [Dkt. 20]). However, Plaintiff presents no authority that demonstrates such granularity of information, which is not an element of Plaintiff's proposed statewide class, is necessary for Plaintiff's opening briefing to certify the class he chose to describe. Thus, it appears Plaintiff's request is solely for delay.

To be sure, and based on his own proposed class description, Plaintiff has all the information he needs to file his motion for class certification now. In the unlikely event the Court grants Plaintiff's motion for class certification, but the *Court* questions the geographical scope of the 19,793 Floridians to whom the subject letter was mailed, or any other specific issue, the Court can demand further evidence and/or briefing. "An order that grants . . . class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C).

The Court should deny Plaintiff's motion because the circumstances upon which it is based do not qualify as compelling reasons to grant the requested extension. And, consistent with Rule 23, it is in the parties' and the Court's best interest that the question of class certification be resolved without further delay.

Dated: February 17, 2017					Respectfully Submitted,

                                                    */s/ Jeff Kominsky*
                                                    JEFF KOMINSKY
                                                    FL Bar No. 69408
                                                    Jeff.Kominsky@lewisbrisbois.com
                                                    Lewis Brisbois Bisgaard & Smith LLP
                                                    110 SE 6th St., Ste. 2600
                                                    Fort Lauderdale, FL  33301
                                                    (954) 728-1280
                                                    (954) 728-1282 (Fax)

                                                    Attorneys for Defendant,
                                                    GC Services Limited Partnership

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served electronically by the CM/ECF system on February 17, 2017, on all counsel or parties of record on the Service List below.

                                                  */s/ Jeff Kominsky*
                                                  Jeff Kominsky

## SERVICE LIST

| Leo W. Desmond | Sovathary K. Jacobson |
|---|---|
| lwd@verobeachlegal.com | jacobson@verobeachlegal.com |
| Desmond Law Firm, P.C. | Desmond Law Firm, P.C. |
| 5070 Highway A1A, Ste. D | 5070 Highway A1A, Ste. D |
| Vero Beach, FL  32963 | Vero Beach, FL  32963 |
| Telephone: (772) 231-9600 | Telephone: (772) 231-9600 |
| Facsimile: (772) 231-0300 | Facsimile: (772) 231-0300 |
| Attorneys for Plaintiff, | Attorneys for Plaintiff, |
| James Alderman | James Alderman |