UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:16-cv-14508-RLR

JAMES ALDERMAN, *on behalf of himself*
*and all others similarly situated*

      Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP,
*a Delaware Limited Partnership*

      Defendant.
_____/

## PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE A MOTION FOR CLASS CERTIFICATION

Plaintiff, James Alderman, by and through his undersigned counsel, submits this Reply in Further Support his Motion for an Extension of Time to file a Motion for Class Certification, for good cause and in support thereof, states as follows:

As stated in the Motion, Plaintiff propounded Plaintiff's First Set of Requests for Admissions, Request for Production of Documents and Interrogatories, to Defendant on December 29, 2016. As Plaintiff brought this matter as a class action, some of Plaintiff's discovery requests related to information necessary for the Court to determine if class certification is appropriate. Plaintiff drafted narrow discovery requests based upon prior rulings from the Court, and specifically from the Magistrate Judge assigned to this matter.

Plaintiff's discovery requests were consistent with the information required by the Court in previous matters in which counsel for the Plaintiff had been involved, and where class

1

certification had been denied, despite a showing of numerosity, partially based upon geographical concerns of the Court.

Attempting to avoid discovery related motion practice, Plaintiff requested Defendant identify the counties in Florida that the alleged defective letter was sent during the well-defined class period. Defendant refused and Plaintiff's Motions to Compel were filed and are awaiting a ruling from the Court. See DE-19 and DE-20.

While Defendant may not think that the geographical discovery is necessary, Plaintiff respects the previous rulings of the Court stating that the information is not only relevant, but necessary to prove when asking to certify a statewide class of Florida consumers. **Magistrate Judge Lynch, (Judge Martinez, by adapting the Report and Recommendation of Magistrate Judge Lynch) and Judge Middlebrooks have each stated for a class action to be certified, the geographical scope of the class must be substantiated.** *See, Battle v. Gladstone Law Group, P.A. et al.*, Case No. 2:12-CIV-14458-MARTINEZ/LYNCH Report and Recommendation dated July 15, 2013 [DE 60] adopted by Order September 18, 2013 [DE 81]; *Lindley v. Elizabeth R. Wellborn, P.A.*, Case No. 2:14-CIV-14030-MIDDLEBROOKS/BRANNON Order Denying Motion for Reconsideration, dated July 31, 2014 [DE 50].

Plaintiff is not seeking the extension to delay the proceedings. Plaintiff propounded discovery in a timely fashion. Defendant responded to the discovery requests in a timely fashion. Only after a failure of the parties to resolve the discovery issues did Plaintiff, in a timely fashion per Local Rules, file the motions to compel which are currently unresolved before the Court.

Plaintiff's request for a 60-day extension merely gives the Court time to respond to the Motions to Compel so that Plaintiff may have the information required for a statewide request for class certification that has been deemed necessary in previous matters before the Court.

If this Court does not require the information previously required by others Judges in the District, including the Magistrate Judge assigned to this matter, then no extension of time will be necessary.  However, if this Court would require such information to consider Plaintiff's request for certification of a statewide class, then to require Plaintiff to file a motion to certify a classs without the information necessary for such motion to be granted, would severely prejudice Plaintiff and reward Defendant for refusing to supply the required information.

Defendant is correct in stating in its Response in Opposition that *Rule 23(c)(1)(A)* requires that class certification be considered at "an early practicable time after a person sues…"  It is not that time as Defendant has willfully withheld information required for the motion to certify a class.

Good cause exists for Plaintiff's request for an extension of time.  Plaintiff's Motion was made in good faith and not for the purpose of delay.  No other deadlines will be affected by this request.

## CONCLUSION

Plaintiff respectfully requests that this Court enter an order granting Plaintiff's Motion for Extension of Time to file a Motion for Class Certification through May 1, 2017 or for such time that allows the motions to compel to be decided and if granted, appropriate discovery to be provided by Defendant.　　　　　　　　　Respectfully submitted,

*/s/ Leo W. Desmond*
Leo W. Desmond, Esq.
Florida Bar No. 0041920
DESMOND LAW FIRM
5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone (772) 231-9600
Facsimile (772) 231-0300
lwd@verobeachlegal.com
*Attorney for Plaintiff*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 18, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day via U.S. Mail and/or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

Respectfully submitted,

*/s/ Leo W. Desmond*
Leo W. Desmond, Esq.
Florida Bar No. 0041920
DESMOND LAW FIRM, P.C.
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: (772) 231.9600
Facsimile: (772) 231.0300
lwd@verobeachlegal.com
*Attorney for Plaintiff*

**SERVICE LIST**
Jeff Kominsky, Esq.
William S. Helfand, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, LLP
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
Tel: (954) 728-1280
Fax: (954) 728-1282
jeff.kominsky@lewisbrisbois.com
bill.helfand@lewisbrisbois.com
*Attorneys for Defendant*