UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:16-CV-14508-ROSENBERG/LYNCH

JAMES ALDERMAN, *on behalf of himself
and all others similarly situated,*

    Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP,
*a Delaware Limited Partnership*,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

1. Plaintiff, James Alderman, respectfully requests that the Court enter an order certifying this case to proceed as a class action. Plaintiff requests that this Court certify a Class defined as:

   (i) all persons with addresses in the State of Florida (ii) to whom initial communication letters that contained the language: "If you dispute this balance or the validity of this debt, please let us know in writing. If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid." (iii) were mailed, delivered or caused to be served by the Defendant (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes owing to Synchrony Bank (vi) during the one-

1

        year period prior to the filing of the original Complaint in this action through the date of certification (the "Class").[1]

In support of this Motion, Plaintiff states the following:

2. On November 14, 2016, Plaintiff filed his Class Action Complaint pursuant to the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.* ("FDCPA"). [DE 1].

3. Defendant filed its Motion to Dismiss on December 20, 2016. [DE 10].

4. On December 27, 2016, Plaintiff filed his First Amended Class Action Complaint. [DE 13].

5. Defendant filed its Motion to Dismiss First Amended Class Action Complaint on January 9, 2017. [DE 16].

6. The policy and practice of Defendant is or was to send initial communication letters to persons that contained the phrase "If you dispute this balance or the validity of

---

[1] To the extent that the proposed class definition differs with that in the Plaintiff's Class Action Complaint, Federal courts are in accord that courts are empowered to, and should, make certification orders modifying, or amending class definitions as necessary and for the benefit of the absent class. See *Kohen v. Pacific Investment Management Co. LLC,* 571 F3d 672, 678 (7th Cir. 2009), cert. denied, (U.S. 2010) 130 S. Ct. 1504 ["if the class definition clearly were overbroad, this would be a compelling reason to require that it be narrowed" *Kohen v. Pacific Investment Management Co. LLC,* 571 F3d 672, 678 (7th Cir. 2009), cert. denied, (U.S. 2010) 130 S. Ct. 1504 ["the district court can certify subclasses with separate representation of each…if that would be consistent with manageability."] *Id.* at 680. ["holding plaintiffs to the plain language of their definition would ignore the ongoing refinement and give-and-take inherent in the class action litigation, particularly in the formation of a workable class definition" ]: *In re Monumental Life Ins. Co.,* 365 F. 3d 408, 414 (5th Cir 2004) cert. denied, 125 S. Ct. 277 (2004). ["A court is not bound by the class definition proposed in the complaint and should not dismiss the action simply because the complaint seeks to define the class too broadly."]; *Robidoux v. Celani,* 987 F. 2d 931, 937 (2d Cir. 1993). ["[I]t is certainly within this court's discretion to limit or redefine the scope of the class."]; *Harris v. Gen. Dev. Corp.*, 127 F.R.D. 655, 659 (N.D. Ill. 1989). ["The Court has discretion in ruling on a motion to certify a class. This discretion extends to defining the scope of the class."]. *Meyer v. Citizens & S. Nat'l Bank*, 106 F.R.D. 356, 360 (M.D. Ga. 1985).

this debt, please let us know in writing. If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid."

7. All requirements of *Rule 23* of the *Federal Rules of Civil Procedure* have been met.

8. Defendant has admitted that they have sent initial communication letters with the language at issue to at least 19,793 individuals that contained the phrase "If you dispute this balance or the validity of this debt, please let us know in writing. If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid." See Defendant GC Services Limited Partnership Objections and Answers To Plaintiff's First Set Of Interrogatories, Answer No. 5, attached to the Memorandum In Support Of Plaintiff's Motion For Class Certification, as "Exhibit 1".

9. There are questions of law and fact common to the *FDCPA* Class, which common issues predominate over any issues affecting only individual Class members. The factual issue common to each member of the Class is that each was sent an initial communication letter that contained the phrase "If you dispute this balance or the validity of this debt, please let us know in writing. If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid." in violation of *15 U.S.C. § 1692g(a)(3)*.

10. There are no individual issues other than identifying Class members, which has been accomplished through a review of Defendant's records. Should any Class member have sustained "actual damages" rather than "statutory damages" as sustained by Plaintiff, that Class member will be on notice that they may opt out of the Class in order to pursue an individual action.

11. Plaintiff's claims are typical of Class members. All claims are based on the same facts and the same legal theories.

12. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and class actions. Neither Plaintiff nor his counsel have any interest which might cause them not to vigorously pursue this action. See Declaration of James Alderman, Declaration of Leo W. Desmond, Esq., and Declaration of Scott D. Owens, Esq., in Support of Plaintiff's Motion for Class Certification, filed separately.

13. Pursuant to *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure*, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

   a. Congress specifically contemplates *FDCPA* class actions as a principal means of enforcing the statute. *15 U.S.C. §1692k(a)(2)(B)* and *§ 1692k(b)(2)*.

   b. In most class actions, a majority of the class members are not aware of their rights and have no knowledge that their rights are being violated by illegal collection practices. Indeed, the most basic common denominator is that Defendant sent collection letters that failed to comply with *15 U.S.C. § 1692g(a)(3)* in violation of their rights under the *FDCPA*.

   c. The interest of class members to individually control the litigation is small because the maximum statutory damages in an individual action is $1,000.00 under the *FDCPA*, and it is unusual for a plaintiff to sustain actual damages.

   d. Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud. Plaintiff does not foresee any issues in the Court maintaining the action as a class action. The class size is expected to be manageable and each member is readily identifiable.

14. These grounds are further explained and supported by the accompanying Memorandum of Law.

WHEREFORE, Plaintiff, James Alderman, respectfully requests that the Court certify this action as a Class action, appoint James Alderman as Class Representative, and appoint Leo W. Desmond, Esq. and Scott D. Owens, Esq. as Class counsel.

Dated: February 28, 2017.

Respectfully submitted,

 */s/ Leo W. Desmond*
Leo W. Desmond, Esq.
DESMOND LAW FIRM, P.C.
Florida Bar No. 0041920
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile: 772.231.0300
lwd@verobeachlegal.com
*Attorney for Plaintiff*

*/s/ Scott D. Owens*
Scott D. Owens, Esq.
SCOTT D. OWENS, P.A.
Florida Bar No. 0597651
3800 S. Ocean Drive, Suite 235
Hollywood, Florida 33019
Telephone: 954.589.0588
Facsimile: 954.337.0666
scott@scottdowens.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of February, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing

document is being served this day via U.S. Mail and/or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                     Respectfully submitted,

                     */s/ Leo W. Desmond*
                     Leo W. Desmond, Esq.
                     DESMOND LAW FIRM, P.C.
                     Florida Bar No. 0041920
                     5070 Highway A1A, Suite D
                     Vero Beach, Florida 32963
                     Telephone: 772.231.9600
                     Facsimile: 772.231.0300
                     lwd@verobeachlegal.com
                     *Attorney for Plaintiff*

                     */s/ Scott D. Owens*
                     Scott D. Owens, Esq.
                     SCOTT D. OWENS, P.A.
                     Florida Bar No. 0597651
                     3800 S. Ocean Drive, Suite 235
                     Hollywood, Florida 33019
                     Telephone: 954.589.0588
                     Facsimile: 954.337.0666
                     scott@scottdowens.com
                     *Attorney for Plaintiff*

**SERVICE LIST**
William S. Helfand, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Facsimile: 713.759.6830
Bill.helfand@lewisbrisbois.com
*Attorney for Defendant*