UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:16-CV-14508-ROSENBERG/LYNCH

JAMES ALDERMAN,

    Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** came before the Court upon Defendant GC Services Limited Partnership's 12(b)(6) Motion to Dismiss Plaintiff's First Amended Class Action Complaint and Memorandum of Law in Support [DE 16]. The Court has carefully considered Defendant's Motion and Plaintiff's Response thereto [DE 18][1] and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion is DENIED.

Plaintiff's First Amended Class Action Complaint [DE 13] contains three counts for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). In considering Defendant's Motion, the Court views Plaintiff's First Amended Class Action Complaint in the light most favorable to Plaintiff and accepts all of Plaintiff's well-pleaded facts as true. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

Plaintiff alleges that on March 30, 2016, Defendant—a "debt collector" as defined in the FDCPA—sent a demand letter to Plaintiff seeking to collect a debt due to Synchrony Bank. In that demand letter, a copy of which is attached to Plaintiff's Complaint, Defendant wrote:

---

[1] Defendant did not file a reply.

> As of the date of this letter, our records show you owe a balance of $4,884.00 to Synchrony Bank. If you dispute this balance or the validity of this debt, please let us know in writing. If you do not dispute this debt **in writing** within 30 days after you receive this letter, we will assume this debt is valid.

*See* DE 13-1 at 1 (emphasis added).

Counts I and II of Plaintiff's First Amended Class Action Complaint allege that Defendant violated 15 U.S.C. § 1692g(a)(3), which requires a debt collector to notify the consumer that he must dispute the validity of the debt within 30 days after receipt of notice:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication . . . , send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) **a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector**;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) (emphasis added). Specifically, Plaintiff alleges that Defendant's demand letter incorrectly states that Plaintiff must dispute the validity of the debt *in writing* before Defendant may assume the validity of the debt, when § 1692g(a)(3) does not contain a writing requirement.

Count III of Plaintiff's First Amended Class Action Complaint alleges that Defendant violated 15 U.S.C. § 1692e, which prohibits the use of "any false, deceptive, or misleading representation or means [by a debt collector] in connection with the collection of any debt."

2

Among other conduct, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer" violates this section. *See* 15 U.S.C. § 1692e(10). Plaintiff alleges that, because 15 U.S.C. § 1692g(a)(3) does not require a consumer to dispute the validity of the debt in writing before the debt collector may assume the debt is valid, Defendant's inclusion of a writing requirement in its demand letter was false and misleading. Accordingly, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e(10).

In its Motion to Dismiss, Defendant urges this Court to conclude, as some courts have done, that 15 U.S.C. § 1692g(a)(3) includes an implicit writing requirement. In response, Plaintiff argues that this Court should side with the greater number of courts that have rejected that conclusion. The Eleventh Circuit Court of Appeals has not decided this issue and there is a split among the circuit courts that have. *Compare Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991) (concluding that § 1692g(a)(3) includes an implicit requirement that the dispute be in writing) with *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1080 (9th Cir. 2005) (disagreeing with *Graziano*), *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013) (same), and *Clark v. Absolute Collection Serv., Inc.*, 741 F.3d 487, 490 (4th Cir. 2014) (same). Within the Southern District of Florida, courts have sided with the Second, Fourth, and Ninth Circuits in concluding that § 1692g(a)(3) does not contain any writing requirement. *See Baez v. Wagner & Hunt, P.A.*, 442 F. Supp. 2d 1273 (S.D. Fla. 2012); *Mello v. Walled Lake Credit Bureau, LLC*, No. 13-14226-CIV, 2013 WL 12077491, at *3 (S.D. Fla. Oct. 17, 2013).

Upon review, this Court agrees with the Second, Fourth, and Ninth Circuits, and with its fellow courts in the Southern District of Florida, that § 1692g(a)(3) does not require a consumer to dispute the validity of the debt in writing before the debt collector may assume the debt is

valid. The Court adopts the reasoning set forth in such cases as *Camacho*, *Hooks*, *Clark*, and *Baez*, and therefore concludes that Plaintiff has not failed to state a plausible claim to relief.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant GC Services Limited Partnership's 12(b)(6) Motion to Dismiss Plaintiff's First Amended Class Action Complaint and Memorandum of Law in Support [DE 16] is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 13th day of March, 2017.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record