**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 2:16-CV-14508-ROSENBERG/MAYNARD**

JAMES ALDERMAN,

    Plaintiff,

v.

GC SERVICES LIMITED
PARTNERSHIP,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION**
**TO DISMISS AND/OR COMPEL ARBITRATION**

This cause is before the Court on Defendant's Motion to Dismiss and/or Compel Arbitration, filed at docket entry 71. The Motion has been fully briefed. For the reasons set forth below, the Motion is denied.

Defendant's Motion first requests that this Court compel Plaintiff to arbitrate his claims. Putting aside the question of whether Plaintiff can meet some of the elements necessary to invoke arbitration, one particular issue precludes Plaintiff from seeking arbitration—Plaintiff is not a signatory to any agreement to arbitrate with Defendant. Although the doctrine of equitable estoppel permits a non-signatory to compel arbitration in special circumstances, a non-signatory may only do so when "the [plaintiff] signatory 'must rely on the terms of the written agreement in asserting its claim' against a non-signatory party." *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999). The operative inquiry is whether the plaintiff's allegations and cause of action are sufficiently intertwined with the agreement to arbitrate such that plaintiff should be estopped from

avoiding the agreement to arbitrate. *See Ragone v. Atl. Video*, 595 F.3d 115, 126-27 (2d Cir. 2010). This does not mean, however,

> that whenever a relationship of any kind may be found among the parties to a dispute and their dispute deals with the subject matter of an arbitration contract made by one of them, that party will be estopped from refusing to arbitrate . . . [I]n addition to the "intertwined" factual issues, there must be a relationship among the parties of a nature that justifies a conclusion that the party which agreed to arbitrate with another entity should be estopped from denying an obligation to arbitrate a similar dispute with the adversary which is not a party to the arbitration agreement.

*Id.* at 127 (citing *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 542 F.3d 354, 359 (2d Cir. 2008)). Plaintiff has cited a plethora of authority for the proposition that courts do not consider FDCPA claims the type of claims that may invoke arbitration through equitable estoppel. *Mims v. Global Credit & Collection Corp.*, 803 F. Supp. 2d 1349 (S.D. Fla. 2011) (holding defendant could not compel arbitration of FDCPA claims under theory of equitable estoppel, since FDCPA claims were not sufficiently intertwined with the terms of the credit agreement); *Fox v. Nationwide Credit, Inc.*, No. 09-cv-7111, 2010 WL 3420172 (N.D. Ill. Aug. 25, 2010); *Bontempo v. Wolpoff & Abramson, L.L.P.*, No. 06-745, 2006 WL 3040905 (W.D. Pa. Oct. 24, 2006). In response, Defendant does not cite to a single case[1] where FDCPA claims were found to be sufficiently intertwined with a credit agreement such that the doctrine of equitable estoppel could be invoked. *See* DE 79 at 8-9. Defendant's silence is particularly significant since the Court ordered Defendant to reply to each of Plaintiff's arguments (in his response) with citations to legal authority. DE 78. The Court sees no reason to conclude that Plaintiff's FDCPA claims are intertwined with his agreement to arbitrate and the Court therefore

---

[1] Defendant actually cites to a case that supports Plaintiff's position—*Mims v. Global Credit & Collection Corp. See* DE 79 at 8.

2

concludes that Defendant may not invoke the doctrine of equitable estoppel.  Defendant's Motion to Compel Arbitration is denied.

Defendant also requests that this Court dismiss Plaintiff's claims because Plaintiff does not have standing to pursue his claims.  Defendant argues that Plaintiff does not have standing to pursue his FDCPA claims because he has not alleged a concrete injury other than Defendant's facial violation of the FDCPA statute, citing to *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) (holding that a bare procedural violation, without more, does not confer standing upon a plaintiff).  This is an argument that has been raised many times, and rejected many times, in this district.  This Court ruled on the instant Plaintiff's argument in *Maximiliano v. Portfolio Recovery Associates, LLC*, No. 17-CV-80342 (S.D. Fla. Aug. 7, 2017).  The Court sided with cases such as *Michael v. HOVG, LLC*, 232 F. Supp. 3d 1229 (S.D. Fla. Jan. 10, 2017) (relying upon *Church v. Accretive Health, Inc.*, 654 F. App'x 990 (11th Cir. 2016)).  Stated succinctly, the Court held that cases such as *HOVG* and *Church* stand for the proposition that FDCPA violations such as the violations in the instant case are not merely procedural violations, and instead those FDCPA violations go the *substance* of what the FDCPA requires.  *See Maximiliano*, 12-CV-80342 at DE 28, page 6.  As a result, Plaintiff has alleged a concrete injury and *Spokeo* does not preclude Plaintiff's claims.  *See id.*  Courts in this district routinely conclude that FDCPA plaintiffs have standing, even when the plaintiff has not suffered an injury in the conventional, financial, sense.  *See, e.g.*, *Lambe v. Allgate Fin., LLC*, No. 16-cv-24407, 2017 WL 3115755 (S.D. Fla. July 20, 2017).  As a result, Defendant's Motion to Dismiss is denied.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motions to Dismiss and/or Compel Arbitration [DE 71] is **DENIED**. Defendant shall answer Plaintiff's complaint by 5:00 p.m. on Monday, December 18, 2017. Pursuant to the Court's order at docket entry 72, Plaintiff shall have seven (7) days from the date of this order to (i) move to reinstate his prior motion to certify class or (ii) file a new motion to certify class.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 13th day of December, 2017.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record