UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:16-CV-14508-ROSENBERG/MAYNARD

JAMES ALDERMAN, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP,
a Delaware Limited Partnership,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

**THIS CAUSE** is before the Court on Plaintiff's Motion for Class Certification [DE 35], which was reinstated on December 21, 2017 [DE 85]. The Court has carefully considered Plaintiff's Motion, and the parties' respective filings in support thereof and in opposition thereto, and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

### I. BACKGROUND

On November 14, 2016, Plaintiff James Alderman filed his initial Class Action Complaint [DE 1] against Defendant GC Services Limited Partnership. On December 20, 2016, Defendant filed a Motion to Dismiss Plaintiff's Complaint [DE 10]. On December 27, 2016, Plaintiff filed a First Amended Class Action Complaint [DE 13], rendering Defendant's Motion to Dismiss moot, *see* [DE 14].

Plaintiff's First Amended Class Action Complaint (the "Complaint") contains three counts for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"). Plaintiff alleges that on March 30, 2016, Defendant—a "debt collector" as defined in the

FDCPA—sent a demand letter to Plaintiff seeking to collect a debt due to Synchrony Bank. In that demand letter, a copy of which is attached to the Complaint, *see* DE 13-1, Defendant wrote:

> As of the date of this letter, our records show you owe a balance of $4,884.00 to Synchrony Bank. If you dispute this balance or the validity of this debt, please let us know in writing. If you do not dispute this debt **in writing** within 30 days after you receive this letter, we will assume this debt is valid.

*See* DE 13-1 at 1 (emphasis added). Plaintiff's Complaint further alleges this this action is brought on behalf of a putative class consisting of:

> (i) all persons with addresses in the State of Florida (ii) to whom letters that contained the language: "If you dispute this balance or the validity of this debt, please let us know in writing. If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid." (iii) were mailed, delivered or caused to be served by the Defendant (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes owing to Synchrony Bank (vi) during the one-year period prior to the filing of the original Complaint in this action through the date of certification.

DE 13 at 4.

Counts I and II of the Complaint allege that Defendant violated 15 U.S.C. § 1692g(a)(3), which requires a debt collector to notify the consumer that he must dispute the validity of the debt within 30 days after receipt of notice:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication . . . , send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) **a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer

>and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) (emphasis added). Specifically, Plaintiff alleges that Defendant's demand letter incorrectly stated that Plaintiff and members of the putative class had to dispute the validity of the debt *in writing*, when § 1692g(a)(3) does not contain a writing requirement. Plaintiff alleges that this language misled Plaintiff and members of the putative class into believing that the demand letter contained the required notice under the FDCPA (Count I). In addition, according to Plaintiff, this language deprived Plaintiff and members of the putative class of the statutory right to receive the required notice under the FDCPA (Count II).

Count III of Plaintiff's Complaint alleges that Defendant violated 15 U.S.C. § 1692e, which prohibits the use of "any false, deceptive, or misleading representation or means [by a debt collector] in connection with the collection of any debt." Among other conduct, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer" violates this section. *See* 15 U.S.C. § 1692e(10). Plaintiff alleges that, because 15 U.S.C. § 1692g(a)(3) does not require a consumer to dispute the validity of the debt in writing before the debt collector may assume the debt is valid, Defendant's inclusion of a writing requirement in its demand letter was false and misleading. Accordingly, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e(10).

**<u>Defendant's Motions to Dismiss and to Compel Arbitration</u>**

On January 9, 2017, Defendant filed a Motion to Dismiss Plaintiff's First Amended Class Action Complaint [DE 16]. In that Motion, Defendant urged this Court to conclude, as some courts have done, that 15 U.S.C. § 1692g(a)(3) includes an implicit writing requirement. In response,

Plaintiff argued that this Court should side with the greater number of courts that have rejected that conclusion. On March 13, 2017, the Court entered an Order Denying Defendant's Motion to Dismiss [DE 45]. In that Order, the Court recognized that the Eleventh Circuit Court of Appeals had not decided this issue and that there was a split among the circuit courts that had reviewed the issue. Upon review, this Court agreed with the Second, Fourth, and Ninth Circuits, and with its sister courts in the Southern District of Florida, that § 1692g(a)(3) does not require a consumer to dispute the validity of the debt in writing before the debt collector may assume the debt is valid. Accordingly, the Court concluded that Plaintiff's Complaint states a plausible claim to relief. *See* DE 45.

On September 6, 2017, Defendant filed a Motion to Dismiss Plaintiff's First Amended Class Action Complaint or, in the Alternative, Dismiss and Compel Arbitration [DE 71]. Plaintiff moved either to dismiss the Complaint, arguing that Plaintiff lacked standing because he had not alleged any actual harm from Defendant's violation of the FDCPA, or to dismiss the Complaint and compel arbitration pursuant to an arbitration provision in a contract between Plaintiff and a credit card issuer. On December 13, 2017, the Court denied the motion [DE 80]. The Court concluded that Plaintiff was not a signatory to any agreement to arbitrate with Defendant and that Defendant could not invoke the doctrine of equitable estoppel to compel arbitration. The Court also found that Plaintiff has alleged sufficient injury to establish standing to bring his claims under the FDCPA.

**The Motion for Class Certification**

On February 28, 2017, Plaintiff filed the instant Motion for Class Certification [DE 35]. In his Motion, Plaintiff requests that this Court certify a class defined as:

> (i) all persons with addresses in the State of Florida (ii) to whom initial communication letters that contained the language: "If you dispute this balance or

4

the validity of this debt, please let us know in writing. If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid." (iii) were mailed, delivered or caused to be served by the Defendant (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes owing to Synchrony Bank (vi) during the one year period prior to the filing of the original Complaint in this action through the date of certification (the "Class").[1]

Plaintiff now moves to certify the class under Federal Rules of Civil Procedure 23(a) and 23(b)(3).

Defendant makes three arguments in opposition to Plaintiff's motion for class certification: 1) that, as a threshold matter, Plaintiff lacks standing to bring this suit because he has not alleged sufficient injury to establish standing; 2) that Plaintiff has not met the requirements of Rule 23 of the Federal Rules of Civil Procedure governing certification of a class; and 3) even if Plaintiff had standing and could satisfy Rule 23's requirements, his claims are subject to a binding arbitration provision. As described above, the Court has already rejected Defendant's arguments that Plaintiff lacks standing and that Plaintiff's claims are subject to a binding arbitration agreement. *See* DE 80. Accordingly, the Court need not address these issues again here and will turn to whether Plaintiff has satisfied the requirements of Rule 23.

## II. DISCUSSION

District courts have broad discretion in deciding whether to certify a class. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992). To certify a class action, the putative class must "satisfy an implicit ascertainability requirement, the four requirements listed in Rule 23(a), and the requirements listed in any of the Rule 23(b)(1), (2), or (3)." *Karhu v. Vital Pharm., Inc.*, 621 F. App'x 945, 946 (11th Cir. 2015) (citing *Little v. T-Mobile*

---

[1] To the extent the proposed class definition differs from that in Plaintiff's First Amended Class Action Complaint, any such difference is minor, and the Court has discretion to refine a class definition as necessary.

5

*USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012)). For the reasons set forth herein, the Court finds that Plaintiff has satisfied these requirements and that the proposed class should be certified.

A.  **Plaintiff's Proposed Class is Adequately Defined and Clearly Ascertainable.**

Defendant argues that Plaintiff's Motion for Class Certification should be denied because Plaintiff has failed to prove an adequately defined and clearly ascertainable class. Defendant's argument is based on the same standing argument raised in his Motion to Dismiss: according to Defendant, only class members who actually received, opened, and read its letter and wrote to the Defendant to dispute their debt could have suffered an "actual" injury sufficient to establish standing. The Court rejected this argument in its order [DE 80] denying Defendant's motion to dismiss and the argument here is again rejected for the same reasons.

Moreover, the Court finds that Plaintiff's proposed class is adequately defined and sufficiently ascertainable. The implied ascertainability element for class certification requires that the class be defined based on objective criteria. *In re Checking Account Overdraft Litig.*, 286 F.R.D. 645, 651 (S.D. Fla. 2012). Plaintiff's proposed class is based on objective criteria that can be determined from Defendant's business records. Moreover, Defendant acknowledges that it has already identified the 19,793 individuals who make up the class. *See* DE 51 at 12; *see also* Def.'s Answers to Pl.'s First Set of Interrogs., Ex. 1 to the Mot. [DE 36-1]). Thus, the Court finds that Plaintiff has satisfied the ascertainability requirements.

B.  **Plaintiff has satisfied the requirements of Rule 23(a).**

Parties seeking class action certification must satisfy the four requirements of Federal Rule of Civil Procedure 23(a), commonly referred to as numerosity, commonality, typicality and adequacy of representation. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 613 (1997). Specifically, the four requirements of Rule 23(a) are:

6

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

### 1. Numerosity

The focus of the numerosity inquiry is not whether the number of proposed class members is "too few" to satisfy the rule, but "whether joinder of proposed class members is impractical." *Armstead v. Pingree*, 629 F. Supp. 273, 279 (M.D. Fla. 1986). Parties seeking class certification do not need to know the "precise number of class members," but they "must make reasonable estimates with support as to the size of the proposed class." *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 699 (M.D. Fla. 2000). The Eleventh Circuit has held that "[g]enerally, 'less than twenty-one is inadequate, more than forty adequate.'" *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D. Fla. 2003) (quoting *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986)).

Here, Plaintiff contends that he has met Rule 23(a)'s numerosity requirement because Defendant has admitted that between November 13, 2015 and November 14, 2016, it sent 19,793 letters to Florida consumers containing the same language as found in the demand letter sent to the Plaintiff. Motion [DE 36] at 6 (citing Def.'s Answers to Pl.'s First Set of Interrogs.). Because the proposed class has in excess of 19,000 members, the Court finds that Plaintiff has met the numerosity requirement.

### 2.     **Commonality**

The commonality requirement of Rule 23(a)(2) demands "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). It is a "relatively light burden" that "does not require that all the questions of law and fact raised by the dispute be common . . . or that the common questions of law or fact predominate over individual issues." *Vega v. T Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009). Rather, it requires only "that there be at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009).

Plaintiff contends that the commonality requirement is met here because Defendant engaged in a standardized course of conduct affecting all class members, by sending each class member an initial communication letter that contained the same statement that allegedly violates 15 U.S.C. § 1692(g)(a)(3): "If you dispute this balance or the validity of this debt, please let us know in writing. If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid." The Court agrees. The question of whether the language in the letter sent by Defendants violates the FDCPA is common to all class members as they each received the same form letter. Thus, Plaintiff has established commonality. *See Klewinowski v. MFP, Inc.*, No. 8:13–cv–1204–T–33TBM, 2013 WL 5177865, at *2 (M.D. Fla. Sept. 12, 2013) ("The requirement of commonality is satisfied here because it is alleged that Defendant issued standardized debt collection letters to each member of the putative class in violation of the FDCPA."); *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999) ("To establish commonality, it is sufficient that Plaintiff allege that all class members received the same collection letter.").

8

### 3. Typicality

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A court examining the typicality requirement should determine whether a "sufficient nexus exists between the claims of the named representatives and those of the class at large." *Vega*, 564 F.3d at 1275. A named plaintiff's claims are "typical" when they arise from the same "event or pattern or practice and are based on the same legal theory" as the claims of the remainder of the class. *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984); *Prado–Steiman v. Bush*, 221 F.3d 1266, 1269 (11th Cir. 2000). "The test for typicality, like commonality, is not demanding." *Hicks v. Client Servs., Inc.*, Case No. 07-61822, 2008 WL 5479111 (S.D. Fla. Dec. 11, 2008) (quoting *In re Disposable Contact Lens Antitrust Litig.*, 170 F.R.D. 524, 532 (M.D. Fla. 1996)).

Plaintiff argues that he has established typicality because Plaintiff and the members of the classes suffered from a common practice employed by Defendant, namely its issuance of debt collection letters containing the same allegedly defective language under § 1692(g)(a)(3). Plaintiff's claim is that he received a letter that contains defective language under the FDCPA and the class is defined to include those who received letters from Defendant containing the same language. This is sufficient to establish typicality. *See Hicks*, 2008 WL 547911 at *8.

Defendant argues that Plaintiff has not met its burden to establish typicality because he seeks only statutory damages and some class members may have suffered actual damages in addition to statutory damages. The Court finds Defendant's argument unpersuasive. "[T]he typicality requirements is permissive: representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *In re Checking Account Overdraft Litig.*, 275 F.R.D. 666, 674 (S.D. Fla. 2011). "To defeat typicality, a

defendant must show that conflict between the named representatives and the class members is 'such that the interests of the class are placed in significant jeopardy.'" *Id.* (quoting *Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 326 (S.D. Fla. 1996)). Defendant has not established such a conflict here. Courts have rejected similar arguments opposing certification of a class because the plaintiff raises only statutory damages while some class members may also have actual damages. *See Manno v. Healthcare Revenue Recovery Grp., LLC,* 289 F.R.D. 674, 696 (S.D. Fla. 2013) (Plaintiff's limiting the damages sought to only statutory damages did not bar certification of class); *see also Chakejian v. Equifax Info. Servs. LLC*, 256 F.R.D. 492, 500 (E.D. Pa. 2009) ("The fact that some members of the putative class might have claims for actual damages is not a true conflict of interest between the representative and other class members in this case, where class members with significant actual damages may opt-out of the class litigation."). To the extent some class members have actual damages, they can be notified of the type of damages sought by Plaintiff as the class representative and their right to opt out of the class to pursue an individual action. *Manno*, 289 F.R.D. at 696. To that end, the Court will require that the class notice clearly and expressly inform putative class members that the Plaintiff is seeking only statutory damages and that they have the right to opt out and pursue actual damages on their own, if they so wish.

### 4. Adequacy of Representation

Under Rule 23(a)(4), the Court must be satisfied that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement applies to both the named plaintiffs and their counsel. *London v. Wal-Mart, Inc*., 340 F.3d 1246, 1253 (11th Cir. 2003). "This 'adequacy of representation' analysis encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and

10

(2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharms., Inc*., 350 F.3d 1181, 1189 (11th Cir. 2003).

The Court finds that Plaintiff and his counsel will adequately represent the class. There is no indication of any genuine concern of a conflict of interest. Moreover, the Motion includes a Declaration of Plaintiff which states that he understands his responsibilities, including the responsibility to ensure that counsel prosecutes the case on behalf of the entire class, not just himself. *See* Declaration of J. Alderman [DE 37]. Defendant's challenges regarding Plaintiff's familiarity with the details of his claims do not compel a conclusion that Plaintiff is not adequate to represent the class. *See Cty. of Monroe, Fla. v. Priceline.com, Inc*., 265 F.R.D. 659, 669 (S.D. Fla. 2010) ("[A]ttacks on a class representative's knowledge of and involvement in a case are also generally irrelevant to the adequacy inquiry) (citing *Surowitz v. Hilton Hotels Corp*., 383 U.S. 363, 370–73 (1966)) (concluding that named class representative was adequate although she was not proficient in English, did not understand the claims made in the complaint, and generally had only a "very small degree of knowledge" of the lawsuit); *Dujanovic v. MortgageAmerica, Inc*., 185 F.R.D. 660, 668 (N.D. Ala. 1999) ("[L]ack of specific knowledge about the claims is not grounds for denying certification where the representative's counsel is capable of handling the litigation")).

**C.**     **Plaintiff Has Satisfied the Requirements of Rule 23(b).**

In addition to satisfying the requirements of Rule 23(a), Plaintiff must also satisfy at least one of the provisions of Rule 23(b). Here, Plaintiff argues that he has satisfied Rule 23(b)(3), which requires a finding that 1) "questions of law or fact common to class members predominate over any questions affecting individual members," and 2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b).

The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc*., 521 U.S. at 625. "It is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions." *Klay v. Humana, Inc*., 382 F.3d 1241, 1254 (11th Cir. 2004), *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co*., 553 U.S. 639 (2008). The Supreme Court has noted that "[p]redominance is a test readily met in certain cases alleging consumer or securities fraud or violations of antitrust laws." *Amchem Prods., Inc*., 521 U.S. at 625.

The Court finds that the common questions of law and fact in this case predominate over individual questions that class members might present. The allegations of consumer fraud under the FDCPA center on a common question of fact—Defendant's sending the form notice letter containing the allegedly defective language to each class member—and a common question of law—whether that notice violates the FDCPA.

Likewise, the Court finds that class action is a superior method of fairly and efficiently adjudication of this controversy. When common issues predominate over individual issues, a class action lawsuit is an appropriate vehicle for adjudicating the plaintiffs' claims. *See Klay*, 382 F.3d at 1269. Here, "[t]he large number of claims, along with the relatively small statutory damages, the desirability of adjudicating these claims consistently, and the probability that individual members would not have a great interest in controlling the prosecution of these claims, all indicate that a class action would be the superior method of adjudicating [Plaintiff's claims]." *Hicks*, 2008 WL 5479111 at *10.

The Court finds that Plaintiff has met his burden of satisfying Rule 23(b)(3) and that class certification is appropriate.

## III.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND AJDUGED** as follows:

1. Plaintiff's Motion for Class Certification [DE 36] is **GRANTED**;

2. Plaintiff James Alderman is appointed as class representative; and

3. Leo W. Desmond, Esq. and Scott D. Owens, Esq. are appointed as class counsel.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this <u>18th</u> day of January, 2018.

                                                          ROBIN L. ROSENBERG

Copies furnished to:
Counsel of record                             UNITED STATES DISTRICT JUDGE