UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:16-CV-14508-ROSENBERG/MATTHEWMAN

JAMES ALDERMAN,

    Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S RENEWED MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendant's Renewed Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and Memorandum of Law in Support [DE 139] and Plaintiff's Motion for Summary Judgment and Memorandum of Law in Support [DE 100].[1] The Court has carefully considered both Motions and the parties' respective filings in support thereof and in opposition thereto and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Renewed Motion to Dismiss is **DENIED** and Plaintiff's Motion for Summary Judgment is **GRANTED**.

### I.    INTRODUCTION AND BACKGROUND

This is an action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). The relevant facts are not in dispute. Defendant GC Services Limited Partnership is a "debt collector" as defined in 15 U.S.C. § 1692a(6). *See* DE 100-4, Plaintiff's Statement of Material Facts ("Plaintiff's SOMF") ¶ 3; DE 107-5, Defendant's Statement of

---

[1] Certain portions of Plaintiff's Motion for Summary Judgment [DE 100], Defendant's Response to Plaintiff's Motion for Summary Judgment [DE 107], and the parties' respective Statements of Material Facts and exhibits are redacted. The parties have filed unredacted versions of these documents under seal. *See* DE 102; DE 109. The Court cites herein to the publicly available redacted documents.

1

Material Facts ("Defendant's SOMF") ¶ 3.[2] On March 30, 2016, Defendant sent a demand letter to Plaintiff seeking to collect a debt due to Synchrony Bank. *See* Plaintiff's SOMF ¶ 6; Defendant's SOMF ¶ 6; DE 13-1. Acting on behalf of Synchrony Bank, Defendant also caused materially similar demand letters to be mailed to an additional 19,793 individuals. *See* Plaintiff's SOMF ¶ 5; Defendant's SOMF ¶ 5. Each of these demand letters contains the following language: "If you dispute this balance or the validity of this debt, please let us know in writing. If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid." *See* Plaintiff's SOMF ¶ 9; Defendant's SOMF ¶ 9.

Plaintiff's First Amended Class Action Complaint [DE 13] contains three counts, all of which stem from Defendant's inclusion of the phrase "in writing" in its demand letters. Counts I and II allege that Defendant violated 15 U.S.C. § 1692g(a)(3), which requires that "a debt collector . . . send the consumer a written notice containing . . . a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." Specifically, Plaintiff alleges that Defendant's demand letters incorrectly state that the addressee must dispute the validity of the debt in writing before Defendant may assume the validity of the debt, when § 1692g(a)(3) does not contain a writing requirement. Plaintiff alleges that the language in Defendant's demand letters therefore misled him and the other individuals to whom Defendant mailed these letters into believing that the demand letters contained the statutorily required notice (Count I) and deprived them of their statutory right to receive the required notice (Count II).

---

[2] While the Court cites primarily to the parties' respective Statements of Material Facts, the Court has reviewed all of the evidence cited in those filings and has determined that each fact recited herein is properly supported by the record.

Count III alleges that Defendant violated 15 U.S.C. § 1692e, which prohibits the use of "any false, deceptive, or misleading representation or means [by a debt collector] in connection with the collection of any debt." Among other conduct, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer" violates this section. *See* 15 U.S.C. § 1692e(10). Plaintiff alleges that, because 15 U.S.C. § 1692g(a)(3) does not require a consumer to dispute the validity of the debt in writing before the debt collector may assume the debt is valid, Defendant's inclusion of a writing requirement in its demand letters was false and misleading. Accordingly, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e(10).

The Court has already determined as a matter of law that 15 U.S.C. § 1692g(a)(3) does not require a consumer to dispute the validity of a debt in writing. In its Motion to Dismiss Plaintiff's First Amended Class Action Complaint [DE 16], Defendant urged this Court to conclude, as some courts have done, that 15 U.S.C. § 1692g(a)(3) includes an implicit writing requirement. In response, Plaintiff argued that this Court should side with the greater number of courts that have rejected that conclusion. After considering both parties' positions, the Court entered an Order Denying Defendant's Motion to Dismiss [DE 45]. The Court recognized that the Eleventh Circuit Court of Appeals had not decided this issue and that there was a split among the circuit courts that had. Upon review of the relevant authorities, however, the Court concluded that § 1692g(a)(3) does not require a consumer to dispute the validity of a debt in writing before the debt collector may assume the debt is valid and that Plaintiff had therefore stated a plausible claim to relief. *See* DE 45.

The Court has also determined that Plaintiff has standing to bring this action. In its Motion to Dismiss Plaintiff's First Amended Class Action Complaint or, in the Alternative,

Dismiss and Compel Arbitration [DE 71], Defendant moved either to dismiss the Complaint for lack of standing because Plaintiff had not alleged a concrete injury resulting from Defendant's purported violations of the FDCPA or, in the alternative, to dismiss the Complaint and compel arbitration pursuant to an arbitration provision contained in a credit agreement to which Defendant was not a signatory. In its Order Denying Defendant's Motion [DE 80], the Court concluded that Defendant could not invoke the doctrine of equitable estoppel to compel arbitration pursuant to an agreement to which it was not a signatory. The Court also concluded that Plaintiff's alleged injury was sufficient to establish standing. *See* DE 80.

The Court again rejected Defendant's argument that Plaintiff lacks standing to bring this action when it granted Plaintiff's Motion for Class Certification [DE 35]. In addition to asserting that Plaintiff had not met the requirements of Federal Rule of Civil Procedure 23, Defendant opposed Plaintiff's Motion for Class Certification on the grounds that Plaintiff had not alleged a sufficient injury to establish standing and that Plaintiff's claims were subject to a binding agreement to arbitrate. In its Order Granting Plaintiff's Motion for Class Certification [DE 93], the Court noted that it had already rejected the latter two of these three arguments and declined to address them again. The Court then certified a class defined as:

> (i) all persons with addresses in the State of Florida (ii) to whom initial communication letters that contained the language: "If you dispute this balance or the validity of this debt, please let us know in writing. If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid." (iii) were mailed, delivered or caused to be served by the Defendant (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes owing to Synchrony Bank (vi) during the one year period prior to the filing of the original Complaint in this action through the date of certification.

*See* DE 93.

Defendant has now filed a Renewed Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and Memorandum of Law in Support [DE 139], in which it again argues that Plaintiff has not suffered a concrete injury and therefore lacks standing to sue. The Court disagrees and therefore denies Defendant's Renewed Motion. Having done so, the Court now turns to Plaintiff's Motion for Summary Judgment.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247–48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247–48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

## III. DISCUSSION

To establish a claim under the FDCPA, a plaintiff must demonstrate that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant

5

is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Burdick v. Bank of Am.*, 140 F. Supp. 3d 1325, 1329 (S.D. Fla. 2015) (quoting *Pescatrice v. Robert J. Orovitz, P.A.*, 539 F. Supp. 2d 1375, 1378 (S.D. Fla. 2008)). Defendant does not dispute that the first two of these three elements have been met. *See* Plaintiff's SOMF ¶¶ 2–3, 5–6; Defendant's SOMF ¶¶ 2–3, 5–6. Defendant does, however, dispute Plaintiff's assertion that it has engaged in an act or omission prohibited by the FDCPA. Defendant also argues that summary judgment must be denied due to the existence of genuine issues of material fact regarding its bona fide error defense. The Court considers each of these two arguments in turn.[3]

Defendant argues that the language of its demand letters does not violate the FDCPA because 15 U.S.C. § 1692g(a)(3) includes an implicit writing requirement and because the letters merely request, but do not require, that the validity of a debt be disputed in writing. The Court has already rejected the argument that § 1692g(a)(3) includes an implicit writing requirement, *see* DE 45, and does not address that argument again here. The Court also rejects the argument that Defendants' demand letters could be interpreted as requesting—and not requiring—that the validity of a debt be disputed in writing. Defendant rests this argument on the use of the word "please" in the following sentence: "If you dispute this balance or the validity of this debt, please let us know in writing." According to Defendant, the use of the word "please" indicates that this is merely a request and does not foreclose the option to dispute the validity of a debt orally. The Court disagrees.

---

[3] Defendant also argues that Plaintiff has not suffered a concrete injury and therefore lacks standing. The Court has already rejected this argument and will not address it again.

In determining whether a debt collector's communication violates the FDCPA, the Court must apply the "least-sophisticated consumer" standard. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

> The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. However, the test has an objective component in that [w]hile protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.

*Id.* (internal quotations marks and citations omitted). Despite Defendant's use of the word "please," the Court concludes as a matter of law that the least sophisticated consumer would interpret the demand letter as requiring that the validity of a debt be disputed in writing. The letter does not end at: "If you dispute this balance or the validity of this debt, please let us know in writing." That sentence is immediately followed by: "If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid." This language unequivocally states that the debt will be assumed valid unless it is disputed *in writing*. As § 1692g(a)(3) does not require that the validity of a debt be disputed in writing, the inclusion of this language violates the FDCPA.

Defendant next argues that summary judgment must be denied because genuine issues of material fact exist regarding Defendant's bona fide error defense. The Court notes that "[a] debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). However, "the bona fide error defense in § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559

U.S. 573, 604–05 (2010). Defendant has presented no evidence that the language of its demand letters resulted from anything other than an incorrect interpretation of the requirements of the FDCPA—specifically, Defendant's interpretation of § 1692g(a)(3) as including an implicit requirement that the validity of a debt be disputed in writing.[4] The bona fide error defense is therefore unavailable to Defendant.

For all of these reasons, Plaintiff's Motion for Summary Judgment is granted to the extent that the Court concludes that Defendant has violated the FDCPA as alleged in Plaintiff's First Amended Class Action Complaint. However, the Court does not reach the amount of damages to which Plaintiff is entitled. Plaintiff states that she is entitled to the maximum amount of statutory damages permitted under the FDCPA, but her argument is limited to a single conclusory paragraph at the end of her Motion for Summary Judgment. *See* DE 100 at 11. Plaintiff does not address the factors this Court must consider pursuant to 15 U.S.C. § 1692k(b). The Court also notes that, while Defendant has argued that summary judgment should not be entered in Plaintiff's favor, Defendant has failed to present any argument as to the appropriate amount of damages in the event that summary judgment is entered. Accordingly, the Court requires additional briefing on this issue. Plaintiff shall file a motion on the issue of damages within seven (7) days of the date of rendition of this Order. Briefing on Plaintiff's motion shall proceed in accordance with Local Rule 7.1(c).

Similarly, while Plaintiff states that she is entitled to an award of attorney's fees, litigation expenses, and costs incurred in this case, the Court will not reach this issue until an appropriate motion requesting the same has been filed within the time permitted by applicable law.

---

[4] Even if Defendant did not intend to require that the validity of a debt be disputed in writing, its violation of the FDCPA resulted from an incorrect interpretation of the least sophisticated consumer standard, that is, how the least sophisticated consumer would interpret the language of its demand letters.

8

## IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Renewed Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and Memorandum of Law in Support [DE 139] is **DENIED**;

2. Plaintiff's Motion for Summary Judgment [DE 100] is **GRANTED**;

3. Plaintiff shall file a motion on the issue of damages within seven (7) days of the date of rendition of this Order; and

4. In light of the fact that the only issue remaining in this case is the amount of damages to which Plaintiff is entitled, the Clerk of Court is directed to **CLOSE THIS CASE FOR ADMINISTRATIVE PURPOSES**. All pending motions are **DENIED AS MOOT**, all deadlines are **TERMINATED**, and all hearings are **CANCELLED**. This case is **REMOVED** from the Court's trial calendar.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 21st day of August, 2018.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE