**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 2:16-cv-14508-ROSENBERG/MATTHEWMAN**

JAMES ALDERMAN, *on behalf of himself*
*and all others similarly situated*,

      Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP,
*a Delaware Limited Partnership*,

      Defendant.

_____/

## FINAL APPROVAL ORDER AND JUDGMENT

The Court having held a Final Approval Hearing on April 8, 2019, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order: (1) conditionally certifying a Settlement Class, (2) preliminarily approving Class Action Settlement, (3) approving Notice Plan, and (4) setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay,

It is hereby **ORDERED and ADJUDGED** as follows:

1. The Settlement Agreement dated November 29, 2018, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2.      This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> **SETTLEMENT CLASS**: (i) All persons with addresses in the State of Florida; (ii) to whom initial communication letters that contained the language: "If you dispute this balance or the validity of this debt, please let us know in writing.  If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid;" (iii) were mailed, delivered or caused to be served by Defendant; (iv) that were not returned undeliverable by the U.S. Post Office; (v) in an attempt to collect a debt incurred for personal, family, or household purposes owing to Synchrony Bank; (vi) during the Class Period.

3.      The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between the Plaintiff and Class Counsel and Defendant GC Services Limited Partnership ("GC Services" or "Defendant").

4.      The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Settlement Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5.      The Court further finds and concludes that the Settlement Class Notice and procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

6.      This Court hereby finds and concludes that the notice provided by GC Services to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7.      A total of six (6) Settlement Class Members submitted timely and proper requests for exclusion.  The Court hereby orders that each of those individuals is excluded from the Settlement Class.  Those individuals will not be bound by the Settlement Agreement, and neither will they be entitled to any of its benefits.

8.      The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, finds that the terms constitute, in all respects, a fair, adequate, and reasonable settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.  Each Settlement Class Member is hereby bound by the Settlement Agreement.

9.      The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representative and Class Counsel, that the relief provided is adequate considering the costs, risks, and delay of trial and appeal, the effectiveness of the proposed method of distributing relief and method of processing claims, the terms and timing of payment associated with Plaintiff's counsel's request for attorneys' fees, and all other relevant factors, and that the Settlement treats Class Members equitably relative to each other.

10.      This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement, the Action.

11.      Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims.

12.      Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby barred from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other

3

action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.

13.     The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by GC Services, or of the truth of any of the claims asserted by Plaintiff in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

14.     If for any reason the Settlement terminates, then certification of the Settlement Class shall be deemed vacated.  In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

15.     The Court grants the payment of $172,910.00 to the Class members, whom each will receive a distribution of $10.00.  It is also hereby ordered that fifty-percent (50%) of any Unclaimed Funds shall revert to Defendant, and the other fifty-percent (50%) shall go to the *cy pres* selected by Plaintiff's counsel.

Twenty-five percent (25%) of Unclaimed Funds will be paid as a *cy pres* award to the Legal Aid Society of Palm Beach County, Inc. to be exclusively used to assist indigent clients by paying

the client's filing fees or other costs relating to the filing of a bankruptcy, and the other twenty-five percent (25%) of Unclaimed Funds will be paid as a *cy pres* award to the Legal Aid Service of Broward County.  The settlement administrator shall distribute the settlement class checks within thirty (30) days after receipt of the Class Fund from GC Services.

16.     The Court grants Class Counsel's application for fees and costs, and awards $195,000.00.  The Court finds this stipulated amount appropriate, fair, and reasonable.  The settlement administrator shall make the attorneys' fees and costs check payable to: Desmond Law Firm Trust Account.

17.     The Court awards Plaintiff James Alderman $1,000.00 in statutory damages and $2,500.00 as an incentive award for his services as the Class Representative, for a total of $3,500.00.  The Court finds this amount appropriate, fair and reasonable.  The settlement administrator shall make Plaintiff's amount of $3,500.00 payable to the: Desmond Law Firm Trust Account.

18.     The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 9th day of April, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record